UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JANE ROE, as next of friend for PIA, and JENNY, <br><br>   Plaintiff(s), <br><br> v. <br><br> STEPHEN RICHARDSON, <br><br>   Defendant(s). | Case No. 2:23-cv-01199-JCM-NJK <br><br> **Order** <br><br> [Docket No. 3] |

Pending before the Court is Plaintiffs' motion to proceed under pseudonyms. Docket No. 3. Defendant has not yet appeared in the case. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED**.

**I.    BACKGROUND**

This is a civil action to recover damages as victims of child pornography crimes. "Pia" and "Jenny" are both victims depicted in child pornography series. *See* Docket No. 1 at ¶¶ 2, 4. Pia is a minor and Jane Roe is her mother. *See id.* at ¶ 1. The complaint alleges that Defendant was convicted of receipt of child pornography in a case involving images of, *inter alia*, Pia and Jenny. *Id.* at ¶ 15.

On July 28, 2023, Plaintiffs filed a motion to proceed using pseudonyms, which is the matter currently before the Court.

**I.    STANDARDS**

Plaintiffs generally must identify themselves in their complaint pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, as well as the public's common law right to access to judicial proceedings. *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *Doe I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Nonetheless, courts allow pseudonymity when special circumstances justify secrecy. *Advanced*

*Textile*, 214 F.3d at 1067. "As a general rule, 'the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.'" *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir.2008) (quoting *United States v. Doe*, 488 F.3d 1154, 1155 n. 1 (9th Cir.2007)).

To determine whether to allow a party to proceed using a pseudonym, "a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042 (internal quotations omitted).

The Ninth Circuit has identified three situations in which requests for pseudonymity have been granted: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Advanced Textile*, 214 F.3d at 1068. Courts routinely allow plaintiffs alleging sexual assault to proceed under pseudonyms. *N.S. v. Rockett*, 2017 WL 1365223, at *2 (D. Ore. Apr. 10, 2017) (collecting cases); *see also Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993). Courts also routinely allow plaintiffs alleging to be victims of child pornography offenses to proceed under pseudonyms. *See, e.g.*, *Jessy v. Dinkfield*, 2019 WL 4233579, at *1-2 (C.D. Cal. June 5, 2019).

**II.   ANALYSIS**

Given the serious and sensitive nature of the allegations regarding child pornography involving Plaintiffs Pia and Jenny, there is a likelihood that they will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation with their real names. Such personal harm outweighs any potential prejudice to Defendant. "Further, allowing victims of child pornography to proceed anonymously serves a strong public interest in protecting

their identities so that other victims will not be deterred from reporting such crimes and seeking civil remedies." *Jessy*, 2019 WL 4233579, at *2.[1]

Although less developed in the moving papers, the Court is also persuaded that Pia's mother can proceed as "Jane Roe." She explains that the revelation of her identity could reveal Pia's true identity, which could then lead to further inquiry or a determination of Pia's location. Docket No. 3 at 4, 11. The papers further explain that victims of child pornography and their supporters have been targets of animosity and threatened violence. *See* Docket No. 3-1 at ¶ 4.

### III.  CONCLUSION

For the reasons discussed above, the motion to proceed under pseudonyms is **GRANTED**.

IT IS SO ORDERED.

Dated: August 30, 2023

                                                                                                  _____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Pia remains a minor, so her full name would not be revealed at any rate. *See, e.g.*, Fed. R. Civ. P. 5.2(a)(3).